**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 11-4614**

_____

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

TODD SHONTE TYSON,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern
District of North Carolina, at Greenville.  James C. Dever, III,
Chief District Judge.  (4:10-cr-00069-D-1)

_____

Submitted: January 10, 2012        Decided: January 23, 2012

_____

Before MOTZ, SHEDD, and DAVIS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Robert L. Cooper, COOPER, DAVIS & COOPER, Fayetteville, North
Carolina, for Appellant. Thomas G. Walker, United States
Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant
United States Attorneys, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a written plea agreement, Todd Shonte Tyson pled guilty to conspiracy to distribute and possess with intent to distribute fifty grams or more of cocaine base and 500 grams or more of cocaine, in violation of 21 U.S.C. § 841(a) (2006). He was sentenced to 216 months in prison. Tyson now appeals. We affirm.

Tyson's presentence investigation report (PSR) stated that he was responsible for 3705.915 grams of crack cocaine, 239.525 grams of cocaine, and 27.59 grams of marijuana, for a marijuana equivalency of 74,166.232 kilograms, resulting in a base offense level of 38. See U.S. Sentencing Guidelines Manual § 2D1.1(c)(1) (2009). The level was reduced to 36 in accordance with USSG 2D1.1 & cmt. (n.10(D)(1)). Tyson disputed the accuracy of certain information in the PSR related to drug amounts. His probation officer stated that the Government should be prepared to offer evidence in support of the contested amounts at sentencing.

Rather than requiring the Government to offer such evidence, however, defense counsel conceded that information Tyson had provided the Government established that he was responsible for a marijuana equivalency of 30,000 kg. and that the PSR reflected the correct base offense level. Thus, it was unnecessary for the court to hear evidence on the drug amounts

2

in question.  The court found that the PSR correctly set the base offense level at 36.

Tyson claims on appeal that counsel was ineffective for failing to require the Government to offer proof as to the disputed amounts.  He notes that his plea agreement provided, pursuant to U.S. Sentencing Guidelines Manual § 1B1.8 (2009), that:

> self-incriminating information provided by the Defendant pursuant to this Agreement shall not be used against the Defendant in determining the applicable advisory Guideline range, except as provided by § 1B1.8 and except as stated in this Agreement.

Claims of ineffective assistance of counsel generally are not cognizable on direct appeal unless the record conclusively establishes counsel's "objectively unreasonable performance" and resulting prejudice.  United States v. Benton, 523 F.3d 424, 435 (4th Cir 2008).  Rather, to allow for adequate development of the record, a defendant ordinarily should bring his ineffective assistance claim, if at all, in a 28 U.S.C.A. § 2255 (West Supp. 2011) motion.  United States v. Baptiste, 596 F.3d 214, 216 n.1 (4th Cir. 2010).  Here, the record does not, on its face, establish ineffective assistance.

We accordingly affirm.  We dispense with oral argument because the facts and legal contentions are adequately presented

in the materials before the court and argument would not aid the decisional process.

AFFIRMED